OPINION OF THE COURT
Francis A. Affronti, J.
Petitioner, Monroe County Department of Social Services, has commenced this proceeding alleging that the children, ages 4 to 17 years, are neglected because the respondent has abandoned them. (See, Family Ct Act § 1012 [f] [ii]; Social Services Law § 384-b [5].) Another of respondent’s children, not the subject of this petition, has previously been found to be a neglected child, after a default hearing, of which this court takes judicial notice (docket No. N-75-84).
A "neglected child” is "a child less than eighteen years of age * * * who has been abandoned * * * by his parents or other person legally responsible for his care.” (Family Ct Act § 1012 [f] [ii].)
"[A] child is 'abandoned’ by his parent if such parent evinces an intent to forego his or her parental rights and *249 obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency.” (See, Social Services Law § 384-b [5] [a].)
The petition, in substance, states that during early 1984 respondent left the children with her mother, without informing her where she was going or when she would return. It is also alleged that, at and during such time, the respondent did not give the youngsters the necessities of life, including food, clothing and shelter and failed to secure appropriate funds to provide for their well-being or make essential arrangements for their return to her care.
Due to respondent’s initial unavailability before the court to answer the instant petition and numerous unsuccessful attempts to personally serve her with legal process, a warrant was issued for her arrest. (See, Family Ct Act § 1037.) After some time, however, her presence was obtained solely because she had been incarcerated in the Monroe County Jail on an unrelated matter. She was, therefore, personally present during the fact-finding hearing while represented throughout by assigned counsel.
Respondent’s mother testified that in the winter of 1984 her daughter left the children with her, remaining away for several months, during which time she was unaware of respondent’s whereabouts, although the latter did telephone her on several occasions. A few months thereafter the respondent returned, reacquired physical custody of the children and, according to the child protective caseworker, escorted them to either Gary, Indiana, and/or Chicago, Illinois, where they all resided for a brief period before again returning to this jurisdiction. The aforementioned testimony represented petitioner’s total proof in support of its allegations and the respondent did not submit any evidence on her behalf.
The sole and exclusive issue in dispute is whether a "neglect” finding can be made upon respondent’s alleged "abandonment” of her children as proffered by petitioner. At this juncture and prior to addressing this primary issue and although not alleged or pleaded, it is initially concluded, upon a preponderance of the evidence, that the "physical, mental, or emotional condition^]” of the children have not "been impaired” nor are they "in imminent danger of becoming impaired as a result of’ the mother’s "failure * * * to exercise a minimum degree of care” over them as defined within the applicable statute. (See, Family Ct Act § 1012 [f] [i].)
*250 The petition does not seek an order committing the children’s guardianship and custody to petitioner upon the ground of abandonment which would necessitate an abandonment for a period of six months immediately prior to the petition’s filing. (See, Social Services Law § 384-b [4] [b].) Rather, the petition requests a finding of neglect and, thus, is legally distinguishable from the former proceeding, and, therefore, there is no necessity to ponder whether an "abandonment” satisfies a statutory time frame. On the contrary, the trier of fact, upon an in-depth and objective critique of the totality of the evidence, must assess respondent’s acts in measuring her intent at the applicable times in question. (See, Social Services Law § 384-b [5] [a].)
A comprehensive and exhaustive search for precedent or commentary focusing upon the criteria to be utilized in making such assessment has resulted in a complete absence of direction and guidance. Before this court, therefore, is a novel case of uncharted legal waters never previously sailed or conquered.
While precedent may be lacking, nominal assistance is had by referring to specific verbiage enunciated by the court in Matter of Madeline R. (117 Misc 2d 14) which was an action to commit the guardianship and custody of the children to a foster care agency. (See, Social Services Law § 384-b.) In Madeline R. (supra), as in the case at bar, the respondent "turned to her mother” and it was only through the grandmother "that the children had communication with respondent” (at p 19).
The most salient, decisive, and inescapable factor herein, amply supported by the proof and which impacts directly upon respondent’s parental intent evolves around her mother’s long-standing relationship with her grandchildren. Fortunately, the respondent, despite living a complex, troubled and nomadic existence, both personally and financially, was cognizant that the children, if delivered to their grandmother, as temporary caretaker and custodian, would continue to be the beneficiaries of the grandmother’s love and affection while simultaneously being adequately supplied with life’s daily necessities. Meanwhile, respondent did maintain some telephone contact with her mother while the children were entrusted to her care.
This court does not condone respondent’s "laissez-faire” and nonchalant attitude in caring for her offspring, but likewise, a *251 preponderance of the evidence does not establish that her actions were those of a parent intending to forego her parental rights. (See, Family Ct Act § 1012 [f] [ii]; Social Services Law § 384-b [5].) In its decision-making process, the court cannot infer or assume neglect where the quantum of probative evidence fails to meet the statutory burden.
There being a failure of proof, and upon the foregoing, the petition is herein dismissed.